IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JANICE C. HERNADEZ-CORDOVA**<br>Plaintiff,<br>v.<br>**UNITED STATES OF AMERICA;**<br>Defendant | **Civil no. 3:20-cv-01056**<br><br>**Federal Tort Claims Act**<br>**28 USC 1346(b)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, JANICE C. HERNADEZ-CORDOVA, through their undersigned counsel, brings this complaint against the United States of America, and respectfully states, alleges and prays:

### I. JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction of this litigation under and pursuant to 28 U.S.C. § 1346(b)(1) as this is a tort action for damages against the United States following an administrative claim before the sued Agency under the Federal Tort Claims Act and after having exhausted the claim pursuant to 28 U.S.C § 2675, as the Agency denied the Claim.

2. This claim is being made within the 6-month period provided under 28 U.S. Code § 2401 after denial of the administrative claim, notified on July 30, 2019.  Accordingly, the Plaintiff may now sue the United States of America in this Court; and under and pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 1331, for being an action arising under the laws of the United States.

3. Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

1

4. Pursuant to pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over state law claims under Article 1802 of the Puerto Rico Civil Code, Title 31 Section 5141 et seq., and the Constitution of the Commonwealth of Puerto Rico.

5. Plaintiffs request a jury trial for all issues so triable.

## II.   PARTIES

### A.   Plaintiff

6. Plaintiff, JANICE C. HERNADEZ-CORDOVA, of legal age, is a veteran and resident of 18001 Calle Barcelo, Toa Alta, P.R. 00953.

### B.   Defendant

7. Defendant, The United States of America for the negligent acts of the US DEPARTMENT OF VETERAN AFFAIRS (VA) and/or its employees, Washington, DC 20472.

## III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. This is a claim against the United States, predicated on a negligent or wrongful malpractice acts or omissions of employees of the Department of Veterans Affairs, acting within the scope of their employment. exception to the Ferece doctrine

9. On Thursday, 26 of January 2017, Ms. Hernandez's attended a military emergency decontamination training exercise at Fort Buchanan, Puerto Rico, and during the activity, she suffered a bone shaft of the ulna fracture of the left arm.

10. Ms. Hernandez was attended by Forth Buchanan's paramedics and first responders to stabilize her, and she was taken in an ambulance to the VA Medical Hospital Emergency room to have medical attention.

11. Ms. Hernandez was admitted to the San Juan VA Medical Center on the afternoon of January 26, 2017, where she was examined and she was prescribed morphine for the pain and x-rays were taken.

12. Left forearm X-ray report read; "Slightly displaced, minimally comminuted, fracture of distal ulnar shaft. Slight dorsal / radial displacement of the distal fracture segment. Impression:  Acute fracture of the distal ulnar shaft as above. SJVA Medical Record: Radiology Report Page. 9. Printed on November 26, 2018.

13. That night, Ms. Hernandez was released with only partial immobilization and pain killers. Instruction was to return next day to the Orthopedic clinic and a formal immobilization cast was placed on her left arm.  Impression read: Acute fracture of the distal ulnar shaft as above. Primary Diagnostic Code: No alert required.

14.  On February 09 of 2017, Ms. Hernandez had a First follow-up appointment with San Juan VA Medical Center Orthopedic Clinic. Had a cast change long cast. Record read: "Left non-displaced ulnar fracture".  S/P Long cast arm immobilization. SJVA Medical Record: Progress Note Page. 135.

15. Later, on or about middle of February, 2017, Plaintiff had a second follow-up appointment with San Juan VA Medical Center Orthopedic Clinic, Dr. Elena M Iguina Gonzalez, Resident Surgeon, and a long cast was changed to a short cast. The VA determined NO Surgery, Nor Therapies with a Follow up in 6 Month, and with an appointment on May 2017.  Ms. Hernandez continued with significant pain after this visit with an angulated fracture.

16. On or about middle of March of 2017, still on pain, Ms. Hernandez again visited the San Juan VA Medical Center Orthopedic Clinic, and the short cast was removed and replaced with a wrist brace.

17.  On or about late March of 2017, Ms. Hernandez visited DR. Edgardo Gonzalez-Ramirez, Physician, Surgical services/ Orthopedic, VA.

18. On March, 2017, Dr. Gonzalez reviewed the exams, did not perform any other exams and just prescribed exercise and pain killers, dispatching Ms. Hernandez and giving her a follow up visit.

19. Still in pain and unsatisfied with the treatment so far, still taking pain killers, Ms. Hernandez went to see Dr. Francisco Javier Miranda at the Rodriguez Health Army Clinic, who ordered another X-rays and referred the case to Dr. Orlando Fernandez.

20. Dr. Orlando Fernandez examined Ms. Hernandez and determined that the arm fracture was not healed, swollen not treated properly and ordered immediate surgery to avoid further damage.

21. On April 27th, 2017 Ms. Hernandez went through surgery with Dr. Fernandez by performing a removal of callous, refill the bone and placed a titanium bar with 4 screws to align the bone, and another cast was placed.

22. On or about June, 2017 the cast was removed, and while the surgery was successful, the arm remained with an incapacity because the surgery was not done timely.

23. Ms. Hernandez underwent a series of therapies and still today has pain in her arm with limited mobility due to the delay in undergoing surgery to repair the arm.

24. DR. Edgardo Gonzalez Ramirez of the VA, failed to perform the right diagnosis and order immediate corrective surgery right after the accident.

25. DR. Edgardo Gonzalez Ramirez of the VA failure during his medical evaluation materially increased the chances of immobility and/or accelerated the chances of incapacity of the arm.

26. An Appropriate examination, tests and proper diagnostic for immediate surgery would have corrected Ms. Hernandez condition at an earlier stage and prevented the exacerbation of degeneration of her arm's immobility which would have been lessened.

27. DR. Edgardo Gonzalez Ramirez failed to order those tests and surgical procedures, that under the clinical picture of Mrs. Hernandez, are the standard practice in the medical community for her kind of fracture.  As such, DR. Edgardo Gonzalez Ramirez of the VA breached its duty to Mrs. Hernandez to conform his practice to the prevailing standards of medical care, to exercise that degree of skill, judgement and care expected of a reasonably competent medical practitioner practicing under the same or similar circumstances, which duty included the timely performance of appropriate surgery.

28. DR. Edgardo Gonzalez Ramirez 's failure to order surgery upon Mrs. Hernandez was a departure from acceptable medical practices in the medical community below the medical standard that satisfies the exigencies generally recognized by the medical profession in light of the modern means of communication and teaching, and as such, his omissions directly contributed to the exacerbated condition of Mr. Hernandez's arm incapacity.

29. Ms. Hernandez will now be with permanent limitations in movement, strength, and flexibility resulting in permanent daily living limitation. Still with range deviation of her arm.

30. Based on the above departures of care, DR. Edgardo Gonzalez Ramirez committed professional negligence and medical malpractice, which directly and proximately caused that Mrs. Hernandez's condition could not be promptly treated, reducing exponentially her chances of a full recovery.

31. In a reasonable medical probability, the ultimate degree of harm and suffering experienced by Mrs. Hernandez would not have occurred but for DR. Edgardo Gonzalez Ramirez 's professional negligence, which diminished Mrs. Hernandez's chances of a recovery.

32. DR. Edgardo Gonzalez Ramirez 's departure of standard of care also affected the amount of pain and suffering that Mrs. Hernandez increasingly experienced without proper surgery.

33. DR. Edgardo Gonzalez Ramirez 's departure of standard of care also affected the degree of extreme invasiveness of treatments and 16 therapies and pain that Ms. Hernandez eventually had to endure after her surgery.

34. Mrs. Hernandez experienced a great deal of emotional distress, sorrow and depression during her painful time before the surgery, and severe mental anguish worrying that she could not fully recover and will have to keep taking pain killers.

35. Mrs. Hernandez's compensatory damages have a reasonable value of Three Million Dollars ($3,000,000.00).

   **WHEREFORE**, plaintiff respectfully request that this Honorable Court enters Judgment in her favor, granting the remedies requested in this Complaint, including attorney fees and expenses, with such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of January of 2020.

|  | /S/ Jorge Cancio-Valdivia<br><br>Jorge Cancio-Valdivia<br>USDC-PR  302401<br>P.O. Box 367753<br>San Juan, P.R. 00936-7753<br>Tel. (787)549-9685<br>Fax. (787)751-5381<br>E-mail:  canciolaw@gmail.com |
|---|---|